R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff,*
*Duffy Archive Limited*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUFFY ARCHIVE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>379 SOMERVILLE AVENUE LLC,<br><br>Defendant. | **Case No.:** |

### COMPLAINT AND JURY DEMAND

The plaintiff Duffy Archive Limited ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for its complaint against the defendant 379 Somerville Avenue LLC d/b/a Thunder Road ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501.

2.      Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3.     Plaintiff is a British private limited company with a principal place of business at Unit 9, Harts Barn, Monmouth Road, GL17 0QD, Longhope, England, United Kingdom.

4.     Upon information and belief, Defendant is a domestic limited liability company registered in, organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 379, Somerville Avenue, Somerville, Massachusetts 02143.

## JURISDICTION AND VENUE

5.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6.     Personal jurisdiction over Defendant is proper.  Defendant is conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

8.     Plaintiff owns and manages the photographic works of the world-renowned fashion photographer Brian Duffy, who first published fashion photography for *Harper's Bazaar* and later for *Elle*, *Glamour Magazine*, *Esquire*, *The Sunday Times* and others.  Brian Duffy is also famous for his celebrity photography, which includes iconic images of many musicians and actors who sat for Duffy, including Sammy Davis Jr, Michael Caine, Tom Courtenay, Nina

Simone, John Lennon, Sidney Poitier, Harold Wilson, Charlton Heston, Brigitte Bardot and David Bowie.

9.     Brian Duffy is the author of the original work of photographic art that is subject of this litigation, an iconic image of David Bowie, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

10.     Plaintiff became the exclusive licensee to the copyrights in the Copyrighted Work.

11.     On September 21, 2017, the Copyrighted Work is registered with the United States Copyright Office for the Copyrighted Work, a copy of the certificate for which is attached hereto as Exhibit B.

12.     Plaintiff, as assignee, has all rights, title, and interests, including copyrights, in and to the Copyrighted Work.

**B.     Defendant's Unlawful Activities**

13.     Upon information and belief, Defendant owns a website located at the URL http://www.thunderroadclub.com, where high quality photographic images, such as the Copyrighted Work belonging to Plaintiff, are used by Defendant to promote Defendant's goods or services.

14.     Plaintiff has discovered that Defendant has been infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

15.     Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, publicly displayed, and used in the creation of derivative works at a number Defendant's websites ("Infringing Websites"), screenshots of which are attached hereto as Exhibit C (the "Infringing Websites").

16.     Upon information and belief, Defendant is directly responsible for the unlawful reproduction, distribution, public display, and derivation of the Copyrighted Work.

17.     Defendant's reproduction, distribution, public display and derivation of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

18.     Defendant's unauthorized reproduction, distribution, public display and derivation of Plaintiff's Copyrighted Work was knowing and willful and in reckless disregard of Plaintiff's rights in that Defendant knew it did not have permission to take and use the Copyrighted Work but deliberately did so anyway.

19.     Plaintiffs caused a number of cease and desist letters to be sent to Defendant and the infringement brazenly continues.

## CLAIM FOR RELIEF
### (Direct Copyright Infringement)

20.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

22.     Upon information and belief, as a result of Defendant's public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to using it at the Infringing Websites.

23.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

24.     Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

25.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from such uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

26.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of the profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

27.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, public display and derivation of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

28.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

29.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyright under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant resulting from its reproduction,

distribution or display of the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.      Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and,

9.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

Dated: February 3, 2020

Respectfully submitted,


By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Duffy Archive Limited*